IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| MARIO RODERIC WELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cr-101-02 (JCC) |
| | ) | 1:15-cv-1373 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on petition from Mario Wells ("Wells" or "Petitioner"), *pro* se, to vacate, set, aside or correct his sentence pursuant to 28 U.S.C. § 2255 due to ineffective assistance of counsel and the Government's failure to recommend a sentence reduction. [Dkt. 102.] Petitioner also requests to appoint counsel in this matter. [Dkt. 117.] For the following reasons, the Court will deny Petitioner's motions.

**I.   Background**

On April 15, 2014, Petitioner pleaded guilty to Count One of an Indictment charging him with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Because of the quantity of heroin involved in the conspiracy and because of Petitioner's prior felony drug conviction, Petitioner was subject to a statutory mandatory minimum sentence of ten years imprisonment. *See id.* § 841(b)(1)(B)(i). This mandatory minimum was disclosed in the plea agreement and in the plea

1

colloquy before the Honorable Claude Hilton.  (*See* Plea Agreement [Dkt. 76] ¶ 1; Plea Tr. [Dkt. 108] at 4.)

Petitioner appeared before the undersigned Judge for sentencing on July 10, 2014.  The presentence investigation report ("PSR") noted, and all parties agreed, that a statutory mandatory minimum of ten years imprisonment applied.  (SEALED PSR [Dkt. 88] ¶ 5; Sent. Tr. [Dkt. 109] at 4.)  After hearing argument from the parties, the Court sentenced Petitioner to the mandatory minimum of 120 months, with credit for time served, followed by an eight-year supervised release term.  (Sent Tr. at 13.)

On February 9, 2015, the Government filed a motion under Federal Rule of Civil Procedure 35(b) to reduce Petitioner's sentence by twenty percent due to his substantial assistance to the law enforcement's efforts to investigate the heroin conspiracy. (SEALED Mem. in Supp. [Dkt. 95].)  The Court held a hearing on the motion on February 19, 2015.  (SEALED Minute Entry [Dkt. 98].)  At the hearing, Petitioner agreed with the recommended reduction of twenty percent.  (*Id.*)

Court-appointed attorney Bruce Johnson represented Petitioner throughout the above three proceedings.

In October 2015, Petitioner filed the present motion to vacate under 28 U.S.C. § 2255.  (Petition [Dkt. 102].)  Petitioner asserts three grounds for relief: (1) Johnson was ineffective for failing to advise Petitioner that his guilty plea would expose him

2

to a mandatory minimum ten-year sentence; (2) Johnson was ineffective for failing to object to the attribution of coconspirators' conduct to Petitioner at sentencing; and (3) the Government failed to recommend a fifty-percent sentence reduction as allegedly promised. The Government filed a memorandum opposing the petition, which included an affidavit from attorney Johnson. (Mem. in Opp'n [Dkt. 110]; Johnson Aff. [Dkt. 110-1].) After the Court provided the notice required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner filed a letter reply memorandum.[1] This matter is now ripe for disposition.

## II.  Standard of Review

A motion to vacate under 28 U.S.C. § 2255 allows a prisoner to challenge a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).[2] The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d. 883, 889 (E.D. Va. 1998).

---

[1]  To the extent Petitioner's reply attempts to raise new grounds for § 2255 relief, those arguments are not properly before this Court. Rather, those arguments constitute a second or successive § 2255 motion. Because Petitioner has not obtained permission from the Fourth Circuit Court of Appeals to file such a successive motion, Petitioner's new claims—to the extent he raises any—are not addressed in this Memorandum Opinion. *Cf. Moore v. United States*, No. 2:02-cr-225, 2006 WL 167662, at *2 n.2 (E.D. Va. Jan. 23, 2006).

[2]  The additional bases for relief under § 2255(a) are not relevant to this proceeding.

A claim of ineffective assistance of counsel is a well-recognized basis for seeking § 2255 relief. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). The *Strickland* standard for evaluating an ineffective assistance claim is also familiar, requiring a petitioner to prove (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Proving deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id.* at 688-90. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000).

Satisfying *Strickland*'s prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *accord Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2005).

4

In the context of alleged ineffective assistance regarding a guilty plea, the prejudice analysis is modified. *See Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). "In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri*, 132 S. Ct. at 1409 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

A petitioner basing a claim of ineffective assistance on a guilty plea also faces the "formidable barrier" of overcoming "the representations of the defendant, his lawyer, and the prosecutor" at the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74 (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal citations

5

and quotation marks omitted). In other words, absent "clear and convincing evidence to the contrary," a petitioner is bound by his representations made during a plea colloquy. *Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001).

The Court will now apply those standards to Petitioner Wells's grounds for relief.

### III. Analysis

Petitioner alleges that Johnson rendered constitutionally ineffective assistance in two ways. First, Johnson allegedly promised Petitioner that he would receive a two-to-three year sentence and never mentioned that a statutory mandatory minimum ten-year sentence would apply to his guilty plea. Second, Johnson allegedly failed to object to the inclusion of the conduct of coconspirators for sentencing purposes. As a third ground for relief, Petitioner complains that the Government's petition for a twenty-percent sentence reduction in a Rule 35(b) motion breached its alleged promise to seek a fifty-percent reduction. As described below, those allegations do not support § 2255 relief and will be dismissed without conducting an evidentiary hearing.

A. <u>Statute of Limitations</u>

As an initial matter, the two ineffective assistance claims must be dismissed as untimely. "A person convicted of a federal offense has one year to file a § 2255 motion." 28 U.S.C. § 2255(f). In most cases, as in this case, the statute of

6

limitations begins to run on the date the judgment of conviction becomes final. *Id.* § 2255(f)(1).[3] Because Petitioner did not directly appeal his sentence, the judgment of conviction became final when the judgment was entered on July 10, 2014. *See United States v. Saquella*, No. 1:11-cv-1258, 2012 WL 405060, at *2 (E.D. Va. Feb. 7, 2012) (citing *United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001).[4] Wells did not file this petition until October 21, 2015. Accordingly, the petition is untimely as to the claims of ineffective assistance of counsel at the plea colloquy and sentencing phases.[5] Those claims will be dismissed.

As described below, even if Petitioner's claims of ineffective assistance were timely, the Court would none-the-less dismiss those claims as facially meritless.

---

[3] The statutory circumstances for triggering the statute of limitations at a later date do not apply to this case. *See* 28 U.S.C. § 2255(f)(1)-(4). Petitioner does not argue otherwise.

[4] At the latest, Petitioner's conviction became final when his time to appeal elapsed on July 24, 2014. *See* Fed. R. App. P. 4(b); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Crudup v. United States*, No. RDB-12-191, 2013 WL 1867031, at *1 n.2 (D. Md. May 2, 2013). Even if that later date applies, this § 2255 petition remains untimely as to the first two claims of ineffective assistance.

[5] Petitioner has not attempted to assert that any equitable concern justifies tolling the statute of limitations. The Court finds no basis in the record to conclude that Petitioner's case is one of those "rare instances" in which "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

B.   Defense Counsel's Failure to Provide Appropriate Advice Regarding Sentencing Exposure

Petitioner's first allegation of ineffective assistance of counsel is that Johnson promised Petitioner he would receive a sentence of two-to-three years and failed to inform Petitioner he would be subject to a statutory minimum sentence of ten years incarceration. Seemingly in contradiction to that allegation, Petitioner later stated in his reply that Johnson promised a sentence of five years. (Reply at 1.) For the reasons that follow, Petitioner fails to establish a claim of constitutionally ineffective assistance of counsel.

First, this claim fails because Wells has not demonstrated that counsel's allegedly deficient performance distorted the outcome of this case. Petitioner's conclusory statement that, but for Johnson's misadvice, "he would have otherwise proceeded to trial," is not convincing. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("[P]etitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). The Government possessed strong evidence against Petitioner, including evidence obtained from Petitioner's cooperation with law enforcement soon after his arrest, such as admissions of content recorded on wiretaps. (SEALED Mem. in Supp. at 2.) By pleading guilty, Petitioner was able to secure a recommendation of the minimum mandatory sentence and an opportunity for a future reduction motion from the

8

Government. (*See* Reply at 1.) In the face of those compelling reasons to plead guilty, Petitioner does not allude to any reason why he might have attempted to proceed to trial; he presents no objective evidence, legal argument, or defense supporting his innocence. Accordingly, there is no rational basis to conclude Petitioner would have foregone the plea absent Johnson's alleged misadvice. *See Soza v. United States*, No. 1:12-cr-278, 2014 WL 1338671, at *4 (E.D. Va. Apr. 3, 2014); *Turner v. United States*, No. 1:07-cr-152, 2009 WL 577592, at *3 (E.D. Va. Mar. 4, 2009).

Second, the record does not support Petitioner's claim that Johnson provided erroneous advice regarding his sentencing exposure and mandatory sentence. The record is replete with Petitioner's acknowledgment that a ten-year mandatory minimum sentence applied. For example, the plea agreement stated that the penalty for the offense was "a mandatory minimum term of imprisonment of ten (10) years, a maximum term of life imprisonment." (Plea Agreement ¶ 1.) During the plea colloquy, Petitioner affirmed under oath that he understood that he "could be imprisoned from ten years up to life." (Plea Tr. at 4.) He also confirmed that he was satisfied with Johnson's representation. (Plea Agreement ¶ 4; Plea Tr. at 4.) Petitioner also affirmed during the colloquy and by signing the plea agreement that he had not received any promises to cause him to plead guilty other than

9

those in the written agreement.  (*See* Plea Agreement ¶ 20; Plea Tr. at 5.)

Petitioner does not present any extraordinary circumstances or convincing evidence, as required, to demonstrate that the above sworn statements are not entitled to the presumption of being true.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005); *Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001). Instead, Petitioner presents only a conclusory statement that he was promised a sentence of two-to-three years.  (Pet. [Dkt. 102] at 4.)  Even that statement, however, is contradicted by a later statement that he was promised a sentence of five years.  (*See* Reply at 1.)  Those statements are at best conclusory and at worst conflicting to the point of being self-defeating.  In either case, they are wholly incredible in the face of the record and are subject to summary dismissal.  *Blackledge*, 431 U.S. at 73-74.

In sum, with respect to the claim that Johnson was ineffective for misadvising Petitioner regarding his sentencing exposure, Petitioner fails to state the deficient performance and prejudice required to show constitutionally ineffective assistance.

C.   <u>Failure to Object to Inclusion of Conduct of Coconspirators at Sentencing</u>

Petitioner's second alleged ground for § 2255 relief is that Johnson failed to object at sentencing to his coconspirators' conduct being attributed to him.  It is neither deficient

10

performance nor prejudicial for a defendant's attorney to fail to make a futile objection. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring); *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (declaring it "neither objectively unreasonable nor prejudicial" to fail to present inadmissible evidence); *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005); *Lobo-Lopez v. United States*, 56 F. Supp. 3d 802, 811 (E.D. Va. 2014); *Baires v. United States*, 707 F. Supp. 2d. 656, 664 (E.D. Va. 2010). Any objection to the attribution of the coconspirators' conduct would have been futile and is thus not a basis for § 2255 relief.

Section 841(b) sets forth the mandatory minimum sentences for violations of § 841(a)(1) and § 846, based on the quantity of narcotics involved in the offense. 21 U.S.C. § 841(b); *United States v. Irvin*, 2 F.3d 72, 74 (4th Cir. 1993). To properly apply § 841(b) in the conspiracy context, a district court must first "determine the quantity of narcotics reasonably foreseeable to each coconspirator within the scope of the agreement." *Irvin*, 2 F.3d at 78 (citing *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)). If an application of that standard leads the sentencing court to conclude that the defendant's violation involved 100 grams or more of a heroin substance and the defendant has a prior felony drug conviction, a statutory mandatory minimum sentence of ten years is required. *See* 21 U.S.C. § 841(b)(1)(B)(i). At the time of sentencing, Petitioner's case inarguably fell within that

11

mandatory minimum requirement and no objection at the time of sentencing could have avoided that conclusion.

By knowingly pleading guilty to conspiracy to distribute one hundred grams or more of heroin, Petitioner plainly accepted responsibility for his actions as well as the reasonably foreseeable actions of his coconspirators. The statement of facts attached to the plea agreement plainly stated that Wells "distributed or could reasonably foresee that his co-conspirators would distribute between one hundred (100) grams and four hundred (400) grams of heroin." (SOF [Dkt. 75] ¶ 13.) Similarly, Count I of the indictment stated Petitioner knowingly combined, conspired, confederated, and agreed with three named coconspirators and others to "knowingly and intentionally distribute one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." (Indictment [Dkt. 66] at 1.) During the plea colloquy, Petitioner affirmed that he had read and agreed with Count I of the indictment and the statement of facts accompanying the plea agreement. (Plea Tr. at 3, 6.) Furthermore, Petitioner affirmed through signature and sworn statement that he understood the statutory mandatory minimum of ten years imprisonment applied to his offense conduct.[6] In light

---

[6] Johnson also stated in an affidavit that he "explained to Mr. Wells that under the *Pinkerton* rule he would be responsible for the

of those circumstances, it was neither unreasonable nor prejudicial for Johnson not to object to the Court attributing the actions of coconspirators to reach a total quantity of narcotics between one hundred and four hundred grams. That was plainly the bargain Wells struck and could not have been reversed by a mere objection at sentencing. Consequently, the Court will dismiss Petitioner's second claim of ineffective assistance of counsel.

D.  The Government's Failure to Move for a Fifty-Percent Reduction

Petitioner's final alleged ground for § 2255 relief is that the Government breached a promise to reward his substantial assistance by moving for a fifty-percent sentence reduction. Petitioner alleges that he provided such assistance, but the Government only moved for a twenty-percent reduction. For the following reasons, the Government's failure to move for a fifty-percent reduction does not support Petitioner's claim for habeas relief.

A court may remedy the Government's refusal to move for a sentence reduction only if: (1) the government obligated itself to move for a reduction under the terms of a plea agreement, *United States v. Connor*, 930 F.2d 1073, 1076 (4th Cir. 1991); or (2) the Government's refusal to move for a reduction "was based on an unconstitutional motive, such as racial animus, lack of a rational

---

actions of any persons within the scope of the conspiracy of which he was a part." (Johnson Aff. ¶ 3.)

relationship to a legitimate governmental objective, or the government acted in bad faith," *United States v. Wolfe*, 102 F. App'x 286, 287 (4th Cir. 2004); *Wade v. United States*, 504 U.S. 181, 185, 185-86 (1992). Neither of those scenarios is present in this case.

The plea agreement did not obligate the Government to move for a fifty-percent reduction. The following plain text of the plea agreement makes clear that the Government did not make such a promise:

> The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, *in its sole discretion*, the United States determines that such a departure or reduction of sentence is appropriate.

(Plea Agreement ¶ 15 (emphasis added).) The plea agreement also stated that "[t]he defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty." (Plea Agreement ¶ 20.) During the plea colloquy, Petitioner confirmed that the written agreement contains "the entire understanding you've reached with the government in this matter." (Plea Tr. at 3.) Petitioner also affirmed that no one had "made any promise or threat to induce you to plead guilty." (Plea Tr. at

14

5.) Petitioner signed the agreement under the statement "I have read this plea agreement and carefully reviewed every part of it with my attorney." (Plea Agreement at 14.) Petitioner later affirmed at sentencing that he read the PSR and did not object to the following statement contained therein: "If the U.S. Attorney's Office determines, *in its sole discretion*, that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, *it may, in its sole discretion*, recommend a downward departure." (SEALED PSR ¶ 9 (emphasis added).) Thus, there are clear representations within the signed plea agreement, within Petitioner's sworn statements during the plea colloquy, and within the uncontested statements in the PSR that Petitioner was not promised a fifty-percent reduction.[7] Petitioner's conclusory statements to the contrary fall far short of the "clear and convincing evidence" necessary to refute the truth of those statements. *See Fields*, 956 F.2d at 1299.

Additionally, Petitioner does not even attempt to argue that the Government's decision to recommend a twenty-percent reduction instead of a fifty-percent reduction was based on an unconstitutional motive. There is no evidence of any improper motive. The Government moved for a reduction because Petitioner provided information very early after his arrest regarding two

---

[7] Petitioner's counsel, Johnson, similarly stated in his affidavit that "[a]t no time did I promise Mr. Wells the amount of reduction of time the government would recommend." (Johnson Aff. ¶ 1.)

members of the heroin distribution conspiracy that were of interest to state authorities. The Government noted, however, that Petitioner's cooperation regarding codefendants was not useful because he was the last of the codefendants to plead guilty. (*See* SEALED Mem. in Supp.) At a hearing regarding the Rule 35(b) reduction, Petitioner agreed with and expressed no objection to a twenty-percent reduction. (*See* SEALED Minute Entry [Dkt. 98].) There was no indication at the time of the reduction motion of unconstitutional motive and Petitioner presents no argument or evidence in support of finding such a motive now. Accordingly, Petitioner's claim for habeas relief due to the Government's recommendation of a twenty-percent reduction instead of a fifty-percent reduction must fail.

The Court reaches the above conclusions without an evidentiary hearing because the record conclusively shows that Petitioner is entitled to no relief. *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010); *see also* 28 U.S.C. § 2255(b). Petitioner's allegations are wholly inconsistent with prior statements made under oath in open court and adopted with his signature. The present allegations are internally inconsistent and wholly incredible in the face of the record. As such they are subject to "summary dismissal." *Lemaster*, 403 F.3d at 220-21; *Angelone*, 261 F.3d at 396. Furthermore, Petitioner has not

16

requested a hearing or identified or alluded to any evidence that might be produced or further investigated at such a hearing. Consequently, the Court reaches the above conclusions without resorting to the unnecessary expense of conducting a hearing.

E.      Motion to Appoint Counsel

There is no Sixth Amendment right to counsel to pursue a writ of habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). None-the-less, the court has discretion to appoint counsel for an indigent § 2255 petitioner when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is at the Court's discretion. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989). As the Fourth Circuit has noted, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Whisenant*, 739 F.2d at 163; *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722-23 (E.D. Va. 2008). A case is not exceptional if it is not complex. *See Miller v. Martin*, 846 F.2d 72 (Table), 1998 WL 33783, at *1 (4th Cir. 1988). The present case is not overly complex, as the record plainly indicates that the statute of limitation bars two of Petitioner's grounds for relief and all grounds for relief are facially meritless. Petitioner has not asserted any other

17

"exceptional circumstance" justifying the appointment of counsel. Moreover, because the petition will be dismissed, it is unnecessary to appoint counsel, and the motion for appointment of counsel will be denied as moot.

### IV.   Conclusion

For the foregoing reasons, the Court will deny Petitioner Mario Wells's petition to vacate, set aside, or correct his sentence.  The Court will also deny Petitioner Wells's motion for appointment of counsel.

Petitioner Wells is advised that he may appeal from the final judgment entered pursuant to this Memorandum Opinion and accompany Order by filing a written notice of appeal with the Clerk of this Court within sixty (60) days from the date of entry of this judgment.  For the reasons discussed above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

An appropriate order will issue.

June 13, 2016  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE